UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| ANTYWAN SAVELY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:19-CV-007-CEA-CHS |
|  | ) |  |
| BEDFORD COUNTY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

This is a prisoner's *pro se* complaint for violation of 42 U.S.C. § 1983. Before the Court is Defendant Bedford County's Motion for Summary Judgment [Doc. 41], supported with an excerpt from Plaintiff's deposition [Doc. 41-1], an affidavit of Mary West with a sworn copy of Plaintiff's grievances from the Bedford County Jail [Doc. 41-2], a memorandum [Doc. 42], and a statement of undisputed material facts [Doc. 43]. In response, Plaintiff filed a document titled "Supplemental Information" that includes two affidavits from inmates at the Bedford County Jail [Doc. 44]. Defendant Bedford County replied [Doc. 45]. For the reasons below, Defendant Bedford County's Motion for Summary Judgment [Doc. 41] is **GRANTED**, and this case is **DISMISSED**.

### I. PLAINTIFF'S ALLEGATIONS

This action is proceeding against Defendant Bedford County only as to Plaintiff's claim that he slept on the floor without a mattress while he was incarcerated in the Bedford County Jail for eighteen months due to a custom or policy of Defendant Bedford County [Doc. 10 at 5]. Immediately after Plaintiff sets forth this claim in his sworn amended complaint, he states that he "wrote grievances" that "were never heard" and that unnamed officers threw them away [Doc. 9

at 4]. Nothing in Plaintiff's sworn amended complaint suggests that he suffered any physical injury from not having a mattress in the Bedford County Jail, but he seeks compensation for his "pain and suffering" in the jail [*Id.* at 4–5].

## II. SUMMARY JUDGMENT EVIDENCE

### A. Defendant Bedford County

In support of its motion for summary judgment, Defendant Bedford County filed excerpts from Plaintiff's deposition [Doc. 41-1]. In his deposition, Plaintiff testified that when he came to the Bedford County Jail on October 7, 2016, he did not get a mattress, but instead received a blanket and the shell casing of a mattress [*Id.* at 7–8]. While Plaintiff acknowledged that his grievances did not mention that he was sleeping on the floor or his lack of a mattress, he stated "verbally, and some of those got threw [sic] away, I did" [*Id.* at 10]. After Plaintiff made this statement, counsel asked Plaintiff whether he was saying that he did not file "any written requests or grievances regarding the mattress or sleeping on the floor--" [*Id.* at 10]. Plaintiff responded that he made verbal complaints and that he completed grievances and requests that might not be in his jail file [*Id.*]. However, this deposition excerpt ends before Plaintiff finished his statement that he completed grievance or request forms that may not be in his file [*Id.* at 10–11]. None of the deposition excerpts that Defendant Bedford County filed in support of its motion for summary judgment include testimony from Plaintiff about the substance of any grievance and request forms that are not in his jail file [*Id.* at 2–10].

Additionally, in support of its motion for summary judgment, Defendant Bedford County filed an affidavit from Bedford County Jail Administrator Mary West, as well as a sworn copy of Plaintiff's grievances during his time in the Bedford County Jail [Doc. 41-2]. In her affidavit, Ms. West states that the Bedford County Jail does not have a custom or policy of denying inmates

mattresses, and that the jail has a policy that requires inmates to file grievances on a jail form [*Id.* at 1–2]. Ms. West further testifies that Plaintiff did not file a grievance about not having a mattress, that none of Plaintiff's grievances were destroyed or removed from his file, and that Plaintiff was never diagnosed with any medical condition associated with any denial of a mattress while he was in Bedford County [*Id.* at 2].

In support of her affidavit, Ms. West attached approximately thirty-five inmate request/grievance forms that Plaintiff submitted during his time in the Bedford County Jail [*Id.* at 3–44]. In these forms, Plaintiff sought assistance for a variety of issues, including: (1) socks, shoes, and clothing-related matters; (2) law book requests; (3) inmate trust account deposit questions; (4) job requests; (5) allegations of officers taking his personal property; (6) food complaints; (7) requests to speak to specific individuals; (8) requests for commissary and hygiene kits; (9) questions about mail; (10) questions about jail credits; (11) questions about jail privileges; (12) requests for notarization of papers; and (13) a request to speak to a jail official about an incident related to his kitchen jail job [*Id.*]. None of Plaintiff's grievances or request forms allege that he was sleeping on the floor without a mattress [*Id.*].

## B. Plaintiff's Evidence

Plaintiff filed two affidavits from inmates in response to Defendant Bedford County's motion for summary judgment [Doc. 44]. In the first affidavit, Kavaris Kelso states that he witnessed Plaintiff sleeping on the floor in "D-Pod" in October of 2016, and that "everyone start[ed] out on the floor" in this pod due to overcrowding in the facility [*Id.* at 2–3]. Mr. Kelso further states that "[Plaintiff] did not have a mattress when he entered" the pod, that he told Plaintiff there were other people in the jail who did not have mattresses and other provisions, and that he told Plaintiff to write an inmate request form about the issue [*Id.* at 3]. In the second affidavit, an

3

inmate named Rodney Davis states that he was in the Bedford County Jail between March 15, 2018, and January 2019, and that he was "a victim of and witness[ed] that others also w[ere] subjected to sleep[ing] on cold concrete without the use of a mattress and or blanket" due to overcrowding that was a safety hazard [*Id.*].

Nothing in Plaintiff's response to Defendant Bedford County's motion for summary judgment contains any allegations about grievances concerning him sleeping on the floor without a mattress [*Id.* at 1–5.], even though the Court ordered Defendant Bedford County to provide Plaintiff with a copy of his deposition, if it was transcribed [Doc. 36 at 3].

### III. STANDARD

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a party to establish that it is entitled to summary judgment, it must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a genuine dispute as to a material fact exists. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the

nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. The nonmoving party must come forward with proof to support each element of his claim, and cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), "conclusory allegations," *Lujan*, 497 U.S. at 888, or by a mere "scintilla" of evidence, *Anderson*, 477 U.S. at 252. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, such that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on the motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## IV. ANALYSIS

Defendant Bedford County seeks summary judgment in its favor based on three arguments: (1) Plaintiff failed to exhaust his administrative remedies for his claim that he slept on the floor of the Bedford County Jail without a mattress for eighteen months prior to filing this lawsuit; (2) Plaintiff cannot establish that Defendant Bedford County's custom or policy caused any violation of his constitutional rights; and (3) Plaintiff's allegation that he was denied a mattress while in the Bedford County Jail fails to establish a violation of his constitutional rights [Doc. 42]. As the Court finds that Defendant Bedford County has met its burden to establish that the undisputed proof demonstrates that Plaintiff did not exhaust his administrative remedies regarding his claim that he slept on the floor of the Bedford County Jail without a mattress for eighteen months prior to filing this lawsuit as the Prison Litigation Reform Act ("PLRA") requires, the Court will

5

**GRANT** Defendant Bedford County summary judgment on this ground, and it will not reach this Defendant's other arguments.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requires "proper exhaustion" of prisoners' administrative remedies for all claims. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). As such, prisoners must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88.

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, Defendant Bedford County has offered sworn proof that Bedford County Jail had a grievance procedure that required prisoners to file grievances on a jail form, and that Plaintiff did not file any such form regarding his claim that he did not receive a mattress during his eighteen months in the jail. However, Plaintiff's sworn amended complaint,[1] and, at least arguably, his deposition testimony, contain general allegations that Plaintiff completed some

---

[1] As Plaintiff's amended complaint is sworn [Doc. 9 p. 5], the Court gives it the same weight as an affidavit for purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (holding that a sworn complaint carries the same weight as an affidavit for purposes of summary judgment).

unspecified grievance or request forms that officers threw away. But while the Court is cognizant that, where a prisoner files grievance to which he did not receive a response, the Sixth Circuit has found the prisoner is deemed to have exhausted that remedy, *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004), the Court finds that Plaintiff's conclusory and general allegations that officers threw away some of his grievance or request forms are insufficient to defeat Defendant Bedford County's motion for summary judgment in this case, as Plaintiff has not come forward with specific evidence that any grievance or request forms that any officer threw away addressed his claim that he slept on the floor without a mattress in the Bedford County Jail in response to Defendant Bedford County's motion for summary judgment. As such, Plaintiff has not set forth evidence from which a reasonable jury could find that he submitted a grievance form addressing this claim that officers threw away.

The Supreme Court has found that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Accordingly, Defendant Bedford County is entitled to summary judgment.

V.      **PHYSICAL INJURY REQUIREMENT**

The Court additionally notes that Plaintiff's complaint is also now subject to dismissal because his requests for relief are no longer cognizable under § 1983. Specifically, as Plaintiff is no longer confined in the Bedford County Jail [Doc. 5], his request for injunctive relief in his sworn amended complaint is moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility). Moreover, Plaintiff does not allege in his sworn

7

amended complaint that he suffered a physical injury that is more than *de minimis* due to him sleeping on the floor without a mattress in the Bedford County Jail; thus his request for compensatory damages for this claim is not cognizable under § 1983. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (prisoners cannot recover for emotional or mental injury resulting from a constitutional violation absent a prior physical injury that is more than *de minimis*); 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Accordingly, even if a question of material fact remained as to whether Plaintiff exhausted his administrative remedies as the PLRA requires, this action would still be subject to dismissal because the sworn amended complaint fails to state a claim upon which relief may be granted under § 1983.[2] *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B) (providing that a federal court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted").

## VI. CONCLUSION

For the foregoing reasons, Defendant Bedford County's motion for summary judgment [Doc. 30] will be **GRANTED** and this action will be **DISMISSED without prejudice**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and that Plaintiff will be **DENIED** leave to proceed *in forma pauperis* on any subsequent appeal.

---

[2] While Defendant Bedford County mentions the physical injury requirement of 42 U.S.C. 1997e(e) in its reply to Plaintiff's response to its motion for summary judgment [Doc. 45 p. 4–5], it did not raise this argument in its motion for summary judgment [Doc. 41] or the accompanying memorandum [Doc. 42]. Thus, the Court addresses this issue separately.

8

**SO ORDERED.**

/s/ *Charles E. Atchley Jr.*
**CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE**

9